UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

| | |
|---|---|
| MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY, | CIVIL ACTION NO. |
| Plaintiff, | 3:05cv1038(CFD) |
| VS. | |
| HAKAN YALINCAK, | |
| Defendant. | JUNE 28, 2005 |

## COMPLAINT

Plaintiff Massachusetts Mutual Life Insurance Company, by its counsel, for its complaint against Hakan Yalincak, alleges as follows:

**THE PARTIES**

1. The plaintiff, Massachusetts Mutual Life Insurance Company ("MassMutual"), is a mutual life insurance company organized and existing under the laws of the Commonwealth of Massachusetts, with its principal place of business in Springfield, Massachusetts and authorized to do business in the State of Connecticut.

2. Upon information and belief, the defendant Hakan Yalincak ("Yalincak") is a citizen of the State of Connecticut and the State of New York. At the time MassMutual issued various life insurance policies to Yalincak, he was a resident of the State of Connecticut.

**JURISDICTION AND VENUE**

3. This Court has diversity under 28 U.S.C. § 1332, because this is an action between citizens of different states in which the amount in controversy exceeds the sum or value of $75,000, exclusive of interests and costs.

4. Venue is proper under 28 U.S.C. § 1391(a)(2) because a substantial part of the events and omissions took place in Connecticut, and under 28 U.S.C. § 1391(a)(3) because this Court has personal jurisdiction over the defendant.

**STATEMENT OF FACTS**

5. At various times throughout 2004, Yalincak submitted written and signed applications for life insurance with MassMutual in order to induce MassMutual to issue life insurance to Yalincak (the "Applications"). (A copy of the Applications are attached hereto as Exhibit A.)

6. A portion of the Applications state as follows: "To the best of my knowledge and belief, all statements made in this Part I are complete and true and were correctly recorded. I hereby adopt all statements made in this application and agree to be bound by them."

7. A portion of the Applications also state as follows: "ANY POLICY ISSUED AS A RESULT OF A MATERIAL MISSTATEMENT OR OMISSION OF FACTS MAY BE VOIDED, AND [MASSMUTUAL'S] ONLY OBLIGATION SHALL BE TO RETURN PREMIUMS PAID." (emphasis in original)

**FIRST COUNT – DECLARATORY RELIEF**

1-7. MassMutual hereby repeats and incorporates the allegations contained in Paragraphs 1 through 7, above, as if fully set forth herein.

8. In consideration of and in reliance upon representations made by Yalincak in the Applications, MassMutual was induced, as hereinafter described, to issue the following three life insurance policies to Yalincak (a) a Limited Payment Life 20 Payments Policy, Policy Number 11375321, issued on November 1, 2004; (b) a Variable Universal Life II Policy, Policy Number 15583207, issued on December 7, 2004; and (c) a Term30 Guaranteed Life Policy, Policy Number 11375296, issued on December 7, 2004 (collectively, the "Policies").

9. Policy Number 11375321 and Policy Number 11375296 provide, in part, as follows:

> **Representations And Contestability:** We rely on all statements made by or for the Insured in the application. Legally, these statements are considered to be representations and not warranties. We can bring legal action to contest the validity of this policy for any material misrepresentation of a fact. To do so, however, the misrepresentation must have been in the application for this policy and a copy of the application must have been attached to this policy when issued. We cannot contest the validity of this policy after it has been in force during the lifetime of the Insured for two years from its Issue Date, except for failure to pay premium.

10. Policy Number 15583207 provides, in part, as follows:

> Representations and Contestability: We rely on all statements made by or for the Insured in the application(s). Legally, those statements are considered to be representations and not warranties. We can bring legal action to contest the validity of this policy, or any policy change requiring evidence of insurability, for any material misrepresentation of a fact. To do so, however, the misrepresentation must have been in the initial application or in a subsequent application, and a copy of that application must have been attached to (or sent to the Owner for attachment to) and made a part of this policy. . . .

11. Upon information and belief, Yalincak made misrepresentations of material fact in his Applications, including, but not limited to, misrepresentations concerning his Financial Net Worth, Occupation and Duties and Medical History.

12. Upon information and belief, the material misrepresentations referenced above were made by Yalincak with the actual intent to deceive.

13. The matters misrepresented by Yalincak increased the risk of loss.

14. Had MassMutual known the true facts concerning Yalincak's Financial Net Worth, Occupation and Duties and Medical History, it would not have issued the Policies to Yalincak.

15. MassMutual hereby prays for a declaratory ruling that the Policies are void by reason of material misrepresentation contained in the Applications and MassMutual hereby

offers to deposit into Court the total amount of the premium received, together with interest, to be paid to Yalincak upon the surrender of the Policies for cancellation.

## SECOND COUNT – RESCISSION

1-15. MassMutual hereby repeats and incorporates the allegations contained in Paragraphs 1 through 15, above, as if fully set forth herein.

16. Because of Yalincak's misrepresentations, as herein alleged, the Policies are null and void and of no effect, and have been and are now rescinded by MassMutual.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court enter an Order:

1. Declaring the Policies to be void and of no effect, and that plaintiff be under no liability on the Policies, except for the return of premiums paid thereupon by the defendant, Hakan Yalincak;

2. Requiring the defendant to surrender and deliver up the Policies to the plaintiff for cancellation upon receipt from the plaintiff of the amount paid by way of premiums thereon,

3. Plaintiff's reasonable counsel fees and expenses; and

4. Awarding such other and further relief as may seem just and proper.

PLAINTIFF, MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY

By _/s/ Kathleen D. Monnes_
For
Kathleen D. Monnes (ct 13433)
*kdmonnes@dbh.com*
Maureen O'Connor (ct 22530)
*moconnor@dbh.com*
Day, Berry & Howard LLP
CityPlace I
Hartford, Connecticut 06103-3499
(860) 275-0100
(860) 275-0343 (facsimile)
Juris No. 14229
Its Attorneys